IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Crystal Louis <br><br> Plaintiff, <br><br> v. <br><br> Prasad Nelson Bathini, agent of <br> SunEdison LLC, dba <br> NVT LLC, dba <br> MEMC Electronic Materials Inc. <br><br> 12500 Baltimore Avenue <br> Beltsville, MD 20705 <br> Defendant | Civil Action No.: **AW 10 CV 0078** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

COMES NOW Plaintiff, Crystal Louis, ProSe and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against Defendant's Prasad Nelson Bathini agent of SunEdison LLC, dba NVT (New Vision Technologies), dba MEMC hereinafter referred to as SunEdison ("defendant"), under Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff seeks redress for unlawful discriminatory employment practices committed by defendant based on plaintiff's gender, including quid pro

1

quo and hostile work environment sexual harassment, as well as for retaliation against her based on her engagement in protected activity.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-16.

4. Plaintiff filed a timely complaint of discrimination on January 6, 2009, with the Prince Georges County Government Office of Human Relations Commission, complaining of the unlawful acts alleged herein.

5. As of the date of filing this complaint, the Equal Opportunity Office ("EEO") at the Library of Congress has yet to rule. Over 180 days have passed since the filing Plaintiffs EEO complaint without a recommendation from the EEO and thus, pursuant to 42 U.S.C. § 2000e-16(c), jurisdiction is proper.

6. Plaintiff has met all administrative and jurisdictional prerequisites for bringing this action.

7. The unlawful employment practices alleged herein were committed within the jurisdiction of the Prince George's County, Maryland. Venue, therefore, properly lies in the District Court for Maryland, pursuant to 28 U.S.C. § 1391(b). Venue in this State is also proper pursuant to 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

8.     Plaintiff, is an African-American female, and is a member of a protected class. Plaintiff is a resident of the State of Maryland.

9.     Defendant Prasad Nelson Bathini, is the Director of Human Resources for SunEdison LLC, dba NVT LLC dba MEMC and, as is the proper defendant under Title VII.

## FACTS

10.    Plaintiff worked for SunEdison LLC a solar energy provider located in Beltsville Maryland as a Human Resources Manager and began employment on June 18, 2008. Plaintiff was terminated from employment on December 18, 2008.

11.    Plaintiff was sexually harassed by her direct supervisor, Prasad Nelson Bathini, throughout Plaintiff's tenure at SunEdison LLC. Prasad Nelson Bathini's sexual harassment of Plaintiff included inappropriate sexual commentary, innuendos, actions and lewd behavior. This harassment created a hostile working environment for Plaintiff.

12.    At all relevant times, Prasad Nelson Bathini was an employee of defendant.

13.    Prasad Nelson Bathini regularly made daily disparaging and derogatory comments and sexual gestures to Plaintiff regularly regarding his marital discontentment and lack of sexual relations with his spouse. Prasad Nelson Bathini regularly commented on Plaintiff's figure, and the fact that he wanted her to perform oral fellatio on him. Prasad Nelson Bathini regularly demanded Plaintiff meet with him under false pretenses to physically touch Plaintiff on a regular basis.

14.    During the plaintiffs' employment at SunEdison, Prasad Nelson Bathini commented regularly, in sexually suggestive manners, regarding Plaintiff's physical body

3

appearance lewdly and lasciviously. These comments were always unwelcome and made Plaintiff very uncomfortable.

15. In August of 2008, Prasad Nelson Bathini committed physical sexual assault on Plaintiff by smacking her on her buttocks with an open palm as she exited an internal office meeting requested by the Vice President of Human Resources Carole Jacolick. Prasad Bathini then looked at Plaintiff, smirked and proceeded to pull pant belt in an inappropriate manner. This incident, as well as other similar incidents, embarrassed and humiliated Plaintiff. Plaintiff perceived this to be a sexual assault

16. On or around September 30, 2008, Plaintiff was phoned by Prasad Nelson Bathini inquiring where she was at while on her lunch break as she was leaving the store location where she was. Prasad Nelson Bathini greeted her at the store and insisted that Plaintiff follow him to his car right away under the pretenses that he needed to talk to her about her subordinates and work related issues. Plaintiff was uncomfortable and afraid but agreed to meet with him with the car door open as he insisted that it could not wait and Plaintiff insisted that car door be closed. While at the car Prasad Nelson Bathini closed the windows at which time Plaintiff proceeded to exit out of fear and Prasad Nelson Bathini stated that Plaintiff should wait and he stated "you are doing a great job" and that Plaintiff needed to terminate her subordinate because of poor work performance. Prasad Nelson Bathini then gave Plaintiff a clear bag with Indian Bangles then proceeds to kiss Plaintiff's face and then placed his open hand on Plaintiff's thigh and breasts. Prasad Nelson Bathini was informed angrily to stop touching Plaintiff and that his actions are unwelcome and to "keep your hands off of my body". Plaintiff perceived this to be a sexual assault and told him that she was not interested in anything other than a professional business relationship.

4

Plaintiff left and proceeded to return to SunEdison Beltsville location. Given Prasad Nelson Bethani's prior comments and behavior, this situation made Plaintiff very uncomfortable.

17. On August 31, 2008 Plaintiff arranged to have a meeting with Carole Jacolick, Vice President of Human Resources in an effort to discuss the ongoing sexual harassment and assault by Prasad Nelson Bathini. Ms. Jacolick canceled the meeting and informed Plaintiff to meet with her in the Lunch Room because she was busy and wanted to eat lunch. Plaintiff and Ms. Jacolick met briefly and discussed other unrelated issues due to inappropriate impersonal environment. Ms. Jacolick stated after meeting about 15 minutes that she had to leave for another meeting. No issues could be discussed as Ms. Jacolick seemed very uninterested in hearing Plaintiff's concerns. Prasad Nelson Bathini also entered the lunch room at the time of the meeting thus frightening Plaintiff and no major issues were discussed otherwise. Prasad Nelson Bathini later that same day asked Plaintiff " why were you meeting with Carole today" and "What did you say to her and I hope you do not tell her anything". Prasad Nelson Bathini informed Plaintiff that "he could make life easier" for Plaintiff if she would submit to a sexual relationship with Prasad Nelson Bathini. Plaintiff refused and avoided Prasad Nelson Bathini's advances.

18. On or about August 2008 Plaintiff confided to co-worker Shonne Spencer, that she was being harassed and was frightened at working alone and being in her cubicle at times. Plaintiff informed Mr. Spencer that she worked with a "pervert" that had a problem touching and feeling on her. Plaintiff informed Mr. Spencer to check on her frequently and to "look out" for Plaintiff's safety as she feared Prasad Nelson Bathini and what he would do.

19. Later during the week of August 2008, Mr. Spencer observed Prasad Nelson Bathini walking hurriedly and searching thru the office cubicles for Plaintiff and Prasad Nelson

Bathini defendant asked Shonne Spencer "had you seen Crystal" Mr. Spencer stated he had not seen her. Mr. Spencer informed Plaintiff that Prasad Nelson Bathini was searching the office and looking for her.

20.  On or about October 7, 2008 Prasad Nelson Bathini walked to Plaintiff's cubicle and began to talk to her and offensively gestured to her with his finger in his mouth moving it in and out that in a sexually offensive manner. Prasad Nelson Bathini told Plaintiff that he wanted her to perform "this" gesturing offensively with his finger in and out of his mouth and then reiterated that Plaintiff perform oral sexual fellatio. Plaintiff proceeds to work and informed him that he should" stop before he gets caught and that once again his behavior was unwelcome and offensive."

21.  On October 8, 2008 at approximately 6:45pm Plaintiff stayed late until 7:12pm and harasser Prasad Nelson Bathini again returned to Plaintiff's cubicle and proceeded to rub Plaintiff's back and face. Plaintiff jumped from the chair and stated "leave me the obscenity alone and stop touching me". Prasad Nelson Bathini then left Plaintiff's cubicle and then returned crying to Plaintiff and stated that he is upset because Plaintiff continues to reject him and that he was not happy at home. Prasad Nelson Bathini stated " why will you not let me love you" and that he "is in a loveless non sexual relationship with my deadbeat wife who does not like sex and will not perform oral fellatio on him". Plaintiff informed Prasad Nelson Bathini to seek counseling and stated that she is "happily married and that faith grounds me and that perhaps you should get a prostitute." Prasad Nelson Bathini apologized to Plaintiff and stated he will leave her alone. Plaintiff left the Beltsville office at 7:12pm after altercation.

22.     During the month of October 2008, Plaintiff confided to a coworker about the ongoing sexual harassment she continued to endure at the hands of Prasad Nelson Bathini, to Paula Scher, co-worker. Ms. Scher, in turn, advised Plaintiff to tell one of the attorneys there that was trustworthy and will handle this issue unbiased. Ms. Scher informed Plaintiff that she would confidentially contact a staff attorney if Plaintiff was ready to come forward. Plaintiff stated that she was afraid to come forward because she felt she would be ostracized and or fired for "reporting a manger there at SunEdison". Plaintiff told Ms. Scher that she did not trust Carole Jacolick or the other staff attorney Vicki Zeigler because she had seen them out drinking together and dismayed at how other issues were not properly addressed by both.

23.     On October 16, 2008 Prasad Nelson Bathini angrily informed Plaintiff that she is not to present her work project after Plaintiff was informed by Carole Jacolick, Vice President to present the information to the entire Human Resources team. Prasad Nelson Bathini stated loudly to Plaintiff "I need to see what you are presenting" Plaintiff informed Prasad Nelson Bathini that she was informed to proceed and that Carole Jacolick had approved and was satisfied and that she was going to lunch and will return and move forward with what the Vice President Carole Jacolick had already informed. Prasad Nelson Bathini leapt from his chair and loudly shouted and stood and aggressively pointed his finger in her face to Plaintiff that she is not to go to lunch and that she is not to present anything. Plaintiff informed him " I am not your wife and I do not appreciate you speaking to me in that tone and manner" at that time visibly crying and shaken Plaintiff left the building and returned and ran into the Office of Corporate Counsel Kevin Lapidus and informed him of the ongoing sexual harassment and assault that has been happening to her while employed at SunEdison by Prasad Nelson Bathini.

7

24.     Kevin Lapidus, Corporate Counsel sat with Plaintiff on October 16, 2008 at approximately 1:00pm and informed her that "this will never happen again" and that he was going to take immediate action. Kevin Lapidus after seeing Plaintiff visibly shaken, crying and upset, informed Plaintiff to go home for the day to relax and leave her computer, keys and belongings and wait to be told when to return to work by SunEdison management again.

25.     Plaintiff was later informed that she had to meet with Sun Edison's hired attorney Suzanne Carnell of Lorenger and Carnell Law Offices located in Virginia and met with Ms Carnell on October 20, 2008 from 9:00am until 2:00pm uninterrupted and without a lunch or break for five straight hours.

Again Ms. Carnell contacted Plaintiff to meet with her for a second time on October 24, 2008 at 11:00am at which time both met while Ms. Carnell angrily interrogated Ms Louis regarding Prasad Nelson Bathini. This meeting lasted for three hours at the Beltsville offices of SunEdison.

26.     On October 24, 2008 Plaintiff asked Vicki Zeigler that she return to work so that her work would not pile up while she was out as Ms. Ms Louis wanted to ensure that employee benefits were paid and that employees of SunEdison did not suffer lapses in their insurance. Plaintiff was told that she could not return to work by Vicki Zeigler. Plaintiff stated that she wanted to return to work if their hired attorney could not substantiate what has happened and again was refused by Vicki Zeigler.

27.     On October 29, 2008 Plaintiff was granted a Restraining Order in the District Court of Maryland for Price Georges County against Prasad Nelson Bathini by Judge Hill.

28.     After reporting and complaining about the sexual harassment and sexual assault to Kevin Lapidus and Suzanne Carnell, Plaintiff received a letter of termination from SunEdison,

which cited "misconduct" and the "lack of suitability for employment with the Company" and "that the employment application after an investigation revealed that there was falsified information pertaining to Plaintiff' bachelors degree" as the reasons for her dismissal.

29. Prasad Nelson Bathini and Carole Jacolick was well aware that Plaintiff was in the final nine credit hours of her degree and allowed her to leave work early twice a week to attend night classes at the University of Maryland since coming onboard.

30. Prasad Nelson Bathini's ongoing persistent sexual harassment towards Plaintiff was severe and pervasive. The harassment humiliated and embarrassed. Louis, interfered with her work performance, and created an intimidating, hostile and offensive working environment. SunEdison's disregard for her complaint and acceptance of Prasad Nelson Bethany's behavior further affected the terms and conditions of Plaintiff's employment. As a result of defendant's actions and separation has suffered damages.

## FIRST CAUSE OF ACTION

## TITLE VII—SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 above as though fully set forth herein.

32. Defendant has intentionally violated Title VII by discriminating against Plaintiff on the basis of her sex by allowing a hostile working environment to develop, spread, and persist. Defendant permitted Prasad Nelson Bathini to sexually harass Plaintiff throughout her tenure at SunEdison and failed to remedy the harassment when Plaintiff complained. Such harassment materially and detrimentally affected the terms and conditions of Plaintiff's employment.

33. As a result of this harassment, Plaintiff suffered damages.

## SECOND CAUSE OF ACTION

## TITLE VII—SEXUAL HARASSMENT, QUID PRO QUO

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 above as though fully set forth herein.

35. Prasad Nelson Bathini's offer to exchange sexual favors for fair or preferential treatment of Plaintiff after she rejected his numerous sexual proposals constitutes quid pro quo sexual harassment.

36. Defendants have intentionally discriminated against Plaintiff on the basis of her sex and gender by permitting Prasad Nelson Bathini to engage in quid pro quo sexual harassment, which affected the terms and conditions of Plaintiff's employment, in violation of Title VII.

37. As a result of this harassment, Plaintiff suffered damages.

## THIRD CAUSE OF ACTION

## TITLE VII—RETALIATORY TERMINATION

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 above as though fully set forth herein.

39. Plaintiff engaged in protected activity by filing a complaint and informing co-workers Paula Scher, Shonne Spencer and Kevin Lapidus regarding the sexual harassment and employment discrimination that she experienced.

40. Defendant was aware of Plaintiff's protected activity.

41. Defendants intentionally retaliated against Plaintiff for engaging in protected activity by terminating her employment under false unrelated pretenses.

42. Defendant has violated Title VII by intentionally retaliating against Plaintiff because she engaged in protected activity.

43. As a result of this retaliation, Plaintiff has suffered damages.

## FOURTH CAUSE OF ACTION

### TITLE VII—WRONGFUL TERMINATION

44. Plaintiff repeats and realizes the allegations contained in paragraphs 1 through 30 above as though fully set forth herein.

45. Defendant intentionally violated Title VII by terminating Plaintiff based on her sex and gender.

46. As a result of this discrimination, Plaintiff has suffered damages

## FIFTH CAUSE OF ACTION

### TITLE VII—WRONGFUL TERMINATION & RETALIATION

47. Plaintiff repeats and realizes the allegations contained in paragraphs 1 through 30 above as though fully set forth herein

48. Defendants intentionally violated Title VII by retaliating thus terminating Plaintiff based on her sex and gender.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

A. declaring that the acts and practices complained of herein are in violation of Title VII;

B. enjoining and permanently restraining defendant and its agents and employees from violating Title VII;

C. directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment and advancement opportunities;

D. directing defendant to make plaintiff whole for all earnings and other job benefits she would have received but for defendant's discriminatory treatment ("back pay"), including, but not limited to, lost wages, pension, bonuses and other benefits;

E. directing defendant reinstate Plaintiff to her position at termination and to pay plaintiff front pay from the date of judgment until plaintiff is restored to her rightful position, or in an amount sufficient to make plaintiff whole without reinstatement and not to exceed five hundred thousand dollars;

F. directing defendant to pay plaintiff compensatory damages of five hundred thousand dollars pursuant to 42 USC § 1981a, including damages for her emotional distress, physical pain, mental anguish, and humiliation in an amount appropriate to the proof at trial and as allowed by 42 USC §1981a(b)(3);

G. awarding plaintiff the costs of this action, including reasonable attorneys' fees, as allowed by 42 USC § 2000e-5(k);

H. awarding plaintiff pre- and post-judgment interest; and

I. granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all claims.

Dated: January 8, 2010

Respectfully submitted,

Crystal Louis, Pro Se